# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF KENTUCKY (at Lexington)

| | | |
|---|---|---|
| ANDREW COOPERRIDER, COOPERRIDER FOR SENATE CAMPAIGN, AND RICHARD HAYHOE | : : : | Case No. |
| Plaintiffs | : | |
| v. | : | |
| DON BLEVINS, JR., *in his individual and official capacities* 162 E Main St. Lexington, KY 40507 | : : : | |
| AND | : : | |
| KATHY H. WITT, *in her official capacity* 150 N. Limestone, Suite 265 Lexington, KY 40507 | : : : | |
| AND | : : | |
| RODRICK ROBINSON, *in his official and individual capacities* 150 N. Limestone, Suite 265 Lexington, KY 40507 | : : : | |
| Defendants | : | |
| Also serve: | : | |
| Kentucky Attorney General Daniel Cameron 700 Capitol Ave, Suite 118 Frankfort, KY 40601 (served only for purposes of KRS 418.075) | : : | |

**PLAINTIFFS' VERIFIED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND, AS TO THE INDIVIDUAL CAPACITY DEFENDANTS, COMPENSATORY AND PUNITIVE DAMAGES**

1

## Introduction

1. Political campaigning involves, at its core, free speech. And nowhere is that more the case than on election day. This case involves systemic efforts by the Defendants herein to squelch protected First Amendment speech.

## PARTIES[1]

2. Plaintiff Andrew Cooperrider ("Cooperrider") is a citizen and resident of Fayette County, Kentucky. He is a candidate on the May 17, 2022 primary ballot as a Republican for State Senate District 22.

3. Plaintiff Cooperrider for Senate Campaign is the official campaign of Cooperrider for the seat.

4. Plaintiff Richard Hayhoe is a volunteer for the Cooperrider for Senate Campaign, who is a citizen and resident of Grant County, Kentucky.

5. Defendant, Don Blevins, Jr., is the duly elected and installed Fayette County Clerk. Pursuant to Kentucky law, he has certain responsibilities related to the administration of elections, and specifically for the administration of such elections in Fayette County, Kentucky. Specifically, pursuant to KRS 117.235(5), the County Clerk may enforce prohibitions against electioneering. Blevins is sued in his official capacity for declaratory and injunctive relief, and his individual capacity for money damages, including nominal damages.

6. Defendant, Kathy Witt, is the duly elected and installed Fayette County Sheriff. Pursuant to Kentucky law, she has certain responsibilities related to the enforcement of certain

---

[1] The Kentucky Attorney General is served, but is not made a party, solely for compliance with KRS 418.075 and FRCP 5.1.

election laws, and specifically for the enforcement of such laws in Fayette County, Kentucky. Specifically, pursuant to KRS 117.235(5), the County Sheriff may enforce prohibitions against electioneering. Witt is sued in her official capacity for declaratory and injunctive relief.

7. Defendant, Rodrick Washington, is a duly appointed Lt. Colonel with the Fayette County Sheriff's office. Pursuant to Kentucky law, he has certain responsibilities related to the enforcement of certain election laws, and specifically for the enforcement of such laws in Fayette County, Kentucky. Specifically, pursuant to KRS 117.235(5), he may enforce prohibitions against electioneering. Washington is sued in his official capacity for declaratory and injunctive relief, and his individual capacity for money damages, including nominal damages.

## JURISDICTION AND VENUE

8. Subject matter jurisdiction over the claims and causes of action asserted by Plaintiffs in this action is conferred on this Court pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, 28 U.S.C. §1331, 28 U.S.C. § 1343, 28 U.S.C. §§ 2201 and 2202, and other applicable law.

9. Venue in this District and division is proper pursuant to 28 U.S.C. §1391 and other applicable law, because much of the deprivations of Plaintiffs' Constitutional Rights occurred in counties within this District within Kentucky, and future deprivations of their Constitutional Rights are threatened and likely to occur in this District, and at least one of the Defendants resides in this division and district.

## FACTS

10. Cooperrider and the Cooperrider for Senate campaign have been conducting a vigorous campaign for months leading up to the May 17, 2022 primary. They have dozens of volunteers who have canvassed Senate District 22.

11. Over $300,000, largely in special interest money, has been spent against Cooperrider and the Cooperrider for Senate Campaign. Meanwhile, they have amassed over $120,000 in small dollar donations from hundreds of everyday Kentuckians.

12. In the same vein, Cooperrider and the Cooperrider for Senate Campaign have bridged the money gap by door-to-door campaigns, and other grassroots efforts in the months leading to the May 17, 2022 primary.

13. One of the critical ways that Cooperrider and the Cooperrider for Senate Campaign planned to bridge the money gap, was to post volunteers outside polling locations on election day, at a legally-appropriate distance.

14. On May 16, 2022, Cooperrider and the Cooperrider for Senate Campaign measured distances from the entrance of each polling location Garrard, and Jessamine Counties, as well as those precincts in Fayette County that comprised the 22nd State Senate District.[2]

15. They conducted these measurements to ensure that the campaign's volunteers would stand at least 105 feet back from any entrance, and generally posted the volunteers on the nearest public sidewalk (but no closer than the 105 foot mark) ("Legally Permitted Space").

---

[2] These polling locations included the following: Anchor Baptist Church, Veterans Park Elementary School, Waterford Swim & Racquet Club, Twin Pines Christian Church, Porter Memorial Baptist Church, Southern Middle School, Central Baptist Church, Tates Creek Middle School, Trinity Hill United Methodist Church, Southern Elementary School, Tates Creek Presbyterian Church, Tates Creek Community Center, Forty 57 At Glasford, The Oaks Condominiums, Immanuel Baptist At Armstrong Mill, Squires Elementary School, Tates Creek Branch Library, Millcreek Elementary School, Tates Creek Elementary School, The Church at Tatesbrook, Park Place Apartments, Word of Hope Lutheran Church

16. On May 17, 2022, volunteers were placed at each polling location in Garrard, and Jessamine Counties, as well as those precincts in Fayette County that comprised the 22nd State Senate District, at the Legally Permitted Space.

17. The volunteers engaged in electioneering, within the Legally Permitted Space, in the following ways: they wore campaign materials (t-shirts, buttons, etc), had literature for voters who asked them for it, and had Cooperrider for Senate signs that they waved.

18. Further, presuming he prevails in the May, 2022 primary, Cooperrider, Cooperrider for Senate, and Plaintiff Hayhoe all intend to engage in electioneering in the November, 2022 election within the Legally Permitted Space in precincts comprising the district in Fayette County.

19. KRS 117.235, the State's electioneering statute, was revised after extensive litigation enjoining the prior iteration of that statute, in *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1050 (6th Cir. 2015). *Russell* struck down the prior version of the statute, which prohibited electioneering within 300 feet of any polling location, including any private property location that fell within that zone regardless of distance under the First Amendment. In Russell, the Sixth Circuit suggested that restrictions outside of those approved by the Supreme Court in *Burson v. Freeman*, 504 U.S. 191 (1992), which allowed the regulation of electioneering 100 feet <u>*from the entrance*</u> of polling locations, would be viewed skeptically.

20. KRS 117.235(3) now provides, in relevant part:

(3) (a) No person shall electioneer at the polling place on the day of any election, as established in KRS 118.025, or within a distance of one hundred (100) feet of any entrance to a building in which voting is conducted if that entrance is unlocked and is used by voters on any primary or election day.

(b) No person shall electioneer within the interior of a building or affix any electioneering materials to the exterior or interior of a building where the county clerk's office is located, or any building designated by the county board of elections and approved by the State Board of Elections for in-person absentee voting, during the hours in-person absentee voting is being conducted in the building.

(c) No person shall electioneer within one hundred (100) feet of a mail-in absentee drop-box or drop-receptacle.

(d) Electioneering shall include the displaying of signs, the distribution of campaign literature, cards, or handbills, the soliciting of signatures to any petition, or the solicitation of votes for or against any bona fide candidate or ballot question in a manner which expressly advocates the election or defeat of the candidate or expressly advocates the passage or defeat of the ballot question, but shall not include exit polling, bumper stickers affixed to a person's vehicle while parked within or passing through a distance of one hundred (100) feet of any entrance to a building in which voting is conducted, private property as provided in subsection (7) of this section, or other exceptions established by the State Board of Elections through the promulgation of administrative regulations under KRS Chapter 13A.

21. On May 17, 2022, Defendant Blevins personally called Cooperrider, and directed that he remove all volunteers from any real property that contained a polling location – even though he knew, and acknowledged, that the volunteers were located well over 100 feet from the entrance of any polling location. He personally threatened Cooperrider with criminal enforcement through the Sheriff's office, and administrative/civil enforcement if Cooperrider did not comply (actually, the threats went beyond that, he threatened Cooperrider with such enforcement even if he complied for the alleged past non-compliance).

22. Blevins then followed up by calling the Kentucky Attorney General's election hotline, to attempt to make good on his threat.

23. In 2020, the Kentucky Attorney General was clear that the polling location is the building where polling occurs. OAG 20-16, 2020 KY. AG LEXIS 465. It was clear that: "Thus, on

Election Day, electioneering is prohibited within 100 feet of any entrance to a polling place." (emphasis in original).

24. Blevins was sent correspondence from the undersigned, attempting to cause him to cease his unconstitutional activity, but he persists.

25. Blevins argued that the "polling place" under KRS 117.235 included any real property that contained a building where voting was going to occur, even though such real property was not within a building, and even if it were hundreds of feet from the entrance of any such building.

26. Following this, Sheriff's deputies with the Fayette County Sheriff's Office likewise dispersed Cooperrider for Senate candidates, all of whom were located in the Legally Permitted Space, and none of whom were within or even at the 100-foot mark from the entrance of any polling location.

27. Specifically, Plaintiff Richard Hayhoe was volunteering for the Cooperrider for Senate campaign on May 17, 2022. The campaign stationed him at 1139 Tanbark Road, Lexington, KY, the Twin Pines Christian Church. Hayhoe was located 105 feet from the entrance of the polling location (again, it was measured), on pavement. He was engaged in electioneering, wearing a campaign t-shirt, with literature and a campaign sign.

28. Defendant Rodrick Robinson personally approached Hayhoe, and threatened him with arrest if he did not cease electioneering. Hayhoe volunteered to cross the street and stand on the sidewalk, but Robinson told him that it was election day, and this was illegal also, and if he crossed the street and did so, he would be arrested. Hayhoe ceased his electioneering in light of these express threats.

## COUNT I – Violation of the First Amendment

29. Plaintiffs reincorporate the preceding paragraphs as if fully written herein.

30. Plaintiffs Cooperrider, Hayhoe, and Coopperider for Senate each engaged in protected speech and electioneering communications, as set forth herein.

31. As the Sixth Circuit articulated in *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1050 (6th Cir. 2015), "Buffer-zone laws prohibit political speech around polling places on Election Day." *Id.* "Laws that burden political speech are subject to strict scrutiny, which requires the Government to prove that the restriction furthers a compelling interest and is narrowly tailored to achieve that interest." *Id.* "The burden for justifying such restrictions on speech falls entirely upon the government." *Id.* Political speech "concerning public affairs is more than self-expression; it is the essence of self-government." *Id.* at 1051 (citations omitted). "In the context of elections, 'it is our law and our tradition that more speech, not less, is the governing rule.'" *Id.* (citations omitted). Indeed, "the First Amendment has its fullest and most urgent application to speech uttered during a campaign for political office." *Id.* "The right against voter intimidation is the right to cast a ballot free from threats or coercion; it is not the right to cast a vote free from distraction or opposing voices." *Id.*

32. In *Russell*, the Plaintiff desired to "to walk across the highway and stand on the grass in front of the Polling Place between 200 and 300 feet from its entrance . . . to waive [sic] or hold [] signs" and hand out literature to any voter who requests it. *Id.* at 1044.

33. The Sixth Circuit concluded that the statute was invalid because it regulated speech "on public property that would otherwise be some species of public forum, § 117.235(3) prohibits protected speech over an area greater than the State has demonstrated is necessary to achieve the State's compelling interests." *Id.* at 1054.

34. The interpretation and enforcement by Blevins, Witt, and Robinson, run afoul of not only state law, but the limited buffer zone area approved by the Supreme Court in *Burson*, and the suggestion by the Sixth Circuit in *Russell* that restrictions beyond the 100-foot from the entrance approved in *Burson*.

35. If their interpretation is correct, it is invalid under the First Amendment, including under the Sixth Circuit's decision in *Russell*.

36. As a consequence of the foregoing, Plaintiffs have been injured, have been forced to incur expenses and costs, and have suffered personal injuries and damages cognizable under 42 USC § 1983, against Blevins and Robinson in their personal capacities, including nominal damages.

37. Plaintiffs further seek punitive damages against Blevins and Robinson in their personal capacities, in their individual capacities, since the actions complained of were motivated by evil motive or intent, and/or when it involves reckless or callous indifference to the federally protected rights of Plaintiffs. Plaintiffs demand judgment on these punitive damages against Defendants, in their individual capacities, in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demands judgment against Defendants as prayed for, including:

A. That this Court issue a declaration that the practices complained of herein, by Defendants were and are unconstitutional, and, to the extent their interpretation of KRS 117.235 is correct insofar as the meaning of "polling location," that it be declared unconstitutional;

B. That this Court issue an injunction enjoining further unconstitutional actions by Defendants;

C. That Plaintiffs be awarded money damages, including both compensatory and punitive damages against the individual capacity Defendants, in an amount to be proven at trial, including nominal damages;

D. That trial by jury be had on all issues so triable;

E. That Plaintiffs be awarded their costs in this action, including reasonable attorney fees under 42 U.S.C. § 1988; and

F. Such other relief as this Court shall deem just and proper.

Respectfully submitted,

/s/ Christopher Wiest_____
Christopher Wiest (KBA 90725)
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
513/257-1895 (c)
859/495-0803 (f)
chris@cwiestlaw.com
**Attorney for Plaintiff**

## VERIFICATION

Pursuant to 28 U.S.C. 1746, I, Andrew Cooperrider, in my personal capacity and as the person responsible for the Cooperrider for Senate Campaign, declare under penalty of perjury that I have read the foregoing Verified Complaint, and state that the factual statements therein are true and accurate and any documents attached are true and accurate copies of what they purport to be.

Executed on 05/17/22.

*/s/ Andrew Cooperrider*
Andrew Cooperrider

CS CamScanner